UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)
CIVIL ACTION NO.: 5:21-cv-00206

ROBERT STINSON              PLAINTIFF,

VS.

PROTECTIVE INSURANCE COMPANY              DEFENDANTS

\*\*\*\*\*\*\*\*\*\*

**RESPONSE TO MOTION FOR SETTLEMENT CONFERENCE**

\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, ROBERT STINSON, by and through counsel, and for his Response to Motion for Settlement Conference, hereby states as follows:

This matter is presently set for a Pre-Trial Conference on January 18, 2023 and then trial by jury on February 13, 2023. The Court should deny Defendant Protective Insurance's motion despite its representation to the Court that "the case stands ready to proceed to trial (notwithstanding the myriad of pre-trial compliances due before the end of the year.)" Case: 5:21-cv-00206-KKC-MAS Doc #: 65 Filed : 11/30/22 Page: 1 of 3 – Page ID# 194. Good cause exists for the denial of the Protective Insurance's Motion for Settlement Conference because of the Plaintiff's detrimental reliance and delays put into this litigation by Protective Insurance described herein below.

Furthermore, Plaintiff now is forced to seek a continuance of the February 13, 2023 trial date in this matter in a parallel pleading to grant both parties time to conduct medical trial depositions which will educate both parties in preparation for both a settlement conference or in the alternative, trial of this matter. Accordingly, the Defendant's Motion for Settlement

1

Conference should be denied to encourage judicial efficacy and prevent the Plaintiff from being forced to participate in a Settlement Conference destined to fail.

## Relevant Facts

In May of 2021 Protective Insurance adjuster made a pre litigation offer to settle this claim which was rejected by Plaintiff. After litigation was initiated, a settlement conference with the Magistrate Judge Stinnett was conducted on February 25, 2022. Again an offer of settlement was made by Protective Insurance and rejected.

After litigation discovery continued, the parties began consideration of attempting resolution again, this time through a private mediator. However, Protective Insurance refused to put any offer to resolve the matter in writing prior to the suggested mediation and insisted the matter be mediated from a $0.00 written offer starting point.

Plaintiff, understandably, then had reservations that Defendant Protective Insurance Co. was not serious about resolving this matter. Plaintiff has spent months attempting to negotiate in good faith with Defendant Protective Insurance Company and simply made the reasonable request that such negotiations be in writing.

Sometime in the week prior to June 10, 2022, through a phone conversation between Plaintiff's counsel and counsel retained by Protective Insurance Co., the parties agreed it was reasonable and conducive to good faith settlement negotiations for Protective Insurance Co. to put an offer to settle in writing for the Plaintiff to consider.

But then the Defendant delayed and stalled.  Plaintiff followed up with Protective Insurance Co. numerous times, inquiring about the promised forthcoming written offer; each time being assured that the promised written offer was being prepared and would soon be delivered.  Despite months of assurances, and after no written response, Plaintiff learned in a

phone call in September, 2022, that Protective Insurance had decided to withdraw this agreement to put their offer in writing and instead insisted Plaintiff mediate from a written offer of $0.00. All of this delay had the effect of chilling preparation for trial in consideration of what was reasonably believed to have been a pending good faith settlement attempt.

In a letter to Magistrate Stinnett (with an appropriate copy to Plaintiff's counsel) dated October 19, 2022, Defendant indicated that this matter was ripe for a Settlement Conference. As indicated in Plaintiff's subsequent letter to Magistrate Stinnett (attached hereto as Exhibit A) with a copy to Defendant's counsel, Plaintiff doesn't agree that this matter can be ripe for a Settlement Conference to resolve because Defendant has refused to put any offer to settle in writing and the Plaintiff will not settle the claim for zero consideration.

Plaintiff has no desire to mediate this matter from a $0.00 starting point. Plaintiff is not convinced that this "impasse regarding the value of the case" to which Defendant refers will be resolved by another Settlement Conference without further discovery, but in good faith, Plaintiff detrimentally relied on Defendant's assurance of pending good faith settlement negotiations and delayed conducting expensive discovery.

However, it is now Plaintiff's belief that taking a trial deposition of Defendant's selected expert, Dr. Stacie Grossfeld, and a trial deposition of Dr. John Vaughan, Plaintiff's treating surgeon, may assist the parties in resolving this impasse, or at least fully prepare the parties to discuss settlement at either a Settlement Conference or the Pre-Trial Conference.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion for a Settlement Conference be DENIED.

Respectfully Submitted,

/s/*Robert A. Morrin*
Hon. Harvey Bradford Harris (KBA #87275)
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, KY 40475
P: (859) 358-0300
*Counsel for Plaintiff*

\* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

This is to certify that a true and complete copy of the foregoing was served, via electronic mail, this the 7th day of December, 2022, upon the following:

Hon. Christina Norris
Hon. Chuck Cassis
GOLDBERG SIMPSON, LLC
cnorris@goldbergsimpson.com
chuck@goldbergsimpson.com
*Counsel for Defendant, Protective Insurance Company*

/s/*Robert A. Morrin*
Hon. Harvey Bradford Harris (KBA #87275)
Hon. Robert A. Morrin (KBA #94368)
*Counsel for Plaintiff*