



MORRIN LAW OFFICE

| | |
|---|---|
| Robert A. Morrin, Esq. | Telephone: 859-358-0300 |
| 214 West Main Street | Fax: 859-972-0813 |
| Richmond, KY 40475 | Rob@MorrinLawOffice.com |

___

November 2, 2022

Via Electronic Mail (Stinnett_Chambers@kyed.uscourts.gov)
Magistrate Judge Matthew A. Stinnett
U.S. District Court
Eastern District of Kentucky
Central Division at Lexington

Re:   *Robert Stinson v. Protective Insurance Company, et al,*
         US District Court, Eastern District of Kentucky Case No 5:21-cv-00206
         Settlement Conference

Dear Hon. Judge Stinnett:

     I am writing now in response to Ms. Norris' letter of October 19, 2022, received via email, requesting a Settlement Conference in the above-captioned case.

     With sincere due respect to Defendant Protective Insurance Company, the Plaintiff doesn't understand how this matter can be ripe for a Settlement Conference to resolve when the Defendant has refused to put any offer to settle in writing. The Plaintiff is obligated by its duty of candor to the court to correct any misunderstanding that Mrs. Norris' letter of October 19, 2022 was a joint request by the parties or that there is any reasonable indication, from the Plaintiff's perspective, that this matter is remotely likely to be resolved during a Settlement Conference.

     Despite indications to the contrary, the parties actually did agree to a private mediator. However, Protective Insurance refused to put any offer to resolve the matter in writing prior to any mediation and insisted the matter be mediated from a $0.00 written offer starting point.

     The Plaintiff, understandably so, has reservations the Defendant Protective Insurance Co. is serious about resolving this matter and does not think he should be forced to incur additional expenses for a negotiation, that by all written accounts, is destined to fail. The Plaintiff has spent months attempting to negotiate in good faith with Defendant Protective Insurance Company, and simply made the reasonable request that such negotiations be in writing. In June of 2022, Protective Insurance agreed to Plaintiff's reasonable request to provide their offer in writing; a copy of an email confirming such phone conversation is attached hereto. However, Protective Insurance changed course and informed the Plaintiff months later that it will not put any offer to resolve in writing and instead requests to mediate from a written offer of $0.00. The Plaintiff has

no desire to mediate this matter from a $0.00 starting point. In my experience, doing so wastes three (3) or four (4) hours of mediation time and expense. A copy of the Plaintiff's most recent request for an offer in writing is attached hereto.

As of right now, the written offer to resolve submitted by Protective Insurance Company is $0.00 and the Plaintiff believes this matter to be more ripe for a jury trial than a Settlement Conference. Of course, the Plaintiff will follow the orders of this Court, but requests he only be ordered to participate in a zoom mediation using a private mediator, at the sole expense of the Defendant, Protective Insurance Company, with a two-hour time limit, unless Protective insurance will put its offer to settle in writing. Such conditions would encourage judicial efficacy and prevent the Plaintiff from being forced to participate in a Settlement Conference destined to fail.

Sincerely,

/s/*Robert A. Morrin*
Robert A. Morrin
RAM/rng


cc:   Christina Norris and staff (via email, cnorris@goldbergsimpson.com; llibich@goldbergsimpson.com; and mkbrashear@goldbergsimpson.com)
      Brad Harris (via email, Brad@HarrisFederal.com)