UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ELECTRONICALLY FILED

| | |
|---|---|
| ROBERT STINSON          ) | |
| ) | |
| PLAINTIFF          ) | |
| ) | Civil Action No. 5:21-CV-00206-kkc |
| v.          ) | |
| ) | |
| PROTECTIVE INSURANCE COMPANY   ) | |
| ) | |
| DEFENDANT          ) | |
| _____   ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S TO MOTION TO CONTINUE TRIAL DATE AND DEADLINES**

Comes the Defendant, Protective Insurance Company ("Protective"), by counsel, and for its Response in Opposition to Plaintiff's Motion to Continue Trial Date and All Deadlines states as follows:

Plaintiff's motion to continue the trial date and deadlines does not accurately reflect the procedural history in this case. Per the Court's Scheduling Order, "no extensions of the deadlines set in the Order, or those contained in the separate pretrial conference order also entered this date shall be granted unless… [there is] a showing of good cause beyond the control of counsel in the exercise of due diligence." Plaintiffs cannot meet their burden to show "good cause" beyond their control; nor can they show "exercise of due diligence".

The original scheduling order required that all discovery be completed by June 13, 2022. Defendant's completed all fact and expert witness discovery before the stated deadline. In that time frame, Plaintiff sought the deposition of Defendant's experts, Dr. Grossfeld and Dr. Crystal.

1

I.   **Response Regarding Dr. Grossfeld Deposition**

The below timeline shows the communications and the scheduling of Dr. Grossfeld's deposition, which is one of the depositions in question in Plaintiff's motion for continuance.

| | |
|---|---|
| 4/11/22: | Dr. Grossfeld's deposition was noticed by agreement of parties for 5/23/2022 |
| 4/11/22: | Dr. Grossfeld's invoice was provided to Plaintiff |
| 4/12/22: | Plaintiff's counsel on this date notes that Dr. Grossfeld is too expensive and his client wants to reconsider the expense before the deposition is taken (see Exhibit A). Plaintiff then canceled Dr. Grossfeld's deposition after this communication. |

Thereafter, on June 13, 2022, Plaintiff filed a motion to extend the deadlines in order to re-notice the deposition of Dr. Grossfeld. (Doc #55). Defendant's counsel did not object to this extension. The Court entered an Order Granting Plaintiff's Motion (Doc #58). This Order at paragraph 2 mandated that the expert discovery "SHALL be completed by July 13, 2022." After entry of this Order, Plaintiff made a renewed request to take Dr. Grossfeld's deposition on June 30, 2022. Defendants made every effort to coordinate with Dr. Grossfeld for her deposition before the discovery cutoff. With such short notice, and an intervening holiday, the first available date for Dr. Grossfeld was July 15, 2022. Understanding that this was 2 days outside the date mandated by the Court, defense counsel was agreeable to accommodate Plaintiff's counsel to accomplish this deposition on that date (see Exhibit B). Plaintiff's counsel canceled this deposition on July 7, 2022, per the attached communication. (Exhibit C).

It is Plaintiff's duty to timely and properly prosecute their action. Defendant's counsel has made every effort to make Dr. Grossfeld available to Plaintiff's counsel. Plaintiff's motion suggests that they desire to take Dr. Grossfeld's "trial deposition". Defense counsel intends to call Dr. Grossfeld live at trial. Therefore, a trial deposition by Plaintiff's counsel would be redundant and unnecessary. This recent Motion is nothing more than an effort to circumvent the

Court's scheduling Order and to take Dr. Grossfeld's "discovery" deposition which is time-barred and unnecessary.

**II.      Response Regarding Dr. Vaughan's Deposition**

Plaintiff's motion states that the trial must also be continued for purposed of taking Dr. Vaughan's trial deposition. His discovery deposition was taken by video by the undersigned counsel on May 23, 2022, during which Plaintiff's counsel had ample opportunity to ask questions of Dr. Vaughan. Therefore, Dr. Vaughan's testimony is amply preserved for trial.

Moreover, undersigned counsel is confused by this request for the following reasons: (1) on November 3, 2022, the undersigned counsel received the notice to take the trial deposition of Dr. Vaughan on December 16, 2022.  Although the undersigned counsel was not consulted about the scheduling of this deposition, counsel cleared her calendar to be available on this date for purposes of the trial deposition; and (2) Dr. Vaughan is Plaintiff's treating physician, and counsel should have had ample opportunity to preserve his trial testimony before the eleventh hour.  As Plaintiff's treating physician, the undersigned counsel would presume that counsel for Mr. Stinson has ample opportunity to produce Dr. Vaughan live at trial of this matter in February.

WHEREFORE, there is no additional expert testimony needed "to better instruct the parties as to the strengths and weaknesses of their respective positions…".  As the Court can see, Plaintiff's counsel has had ample opportunity to take the depositions for which it now seeks a continuance. Therefore Defendant strenuously opposes any continuance.

                Respectfully submitted,

                **/s/ Christina R. L. Norris**
                Christina R. L. Norris (#81715)
                Mary Katherine Brashear (#98280)
                GOLDBERG SIMPSON, LLC
                Norton Commons
                9301 Dayflower Street
                Prospect, KY  40059
                Phone:  (502) 589-4440
                Fax:  (502) 410-0528
                *Counsel for Defendant, Protective Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this **9th** day of **December 2022**, a true and correct copy of the foregoing was served electronically via electronic mail and through the Court's eFiling system, to the following:

Robert A. Morrin, Esq.
Brad Harris, Esq.
214 West Main Street
Richmond, KY 40475
P: (859) 358-0300
F: (859) 972-0813
E: Rob@MorrinLawOffice.com
E: brad@harrisfederal.com

                */s/ Christina R. L. Norris*
                Christina R. L. Norris