UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| ROBERT STINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROTECTIVE INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>5:21-cv-00206-KKC-MAS |

### ORDER

Plaintiff Robert Stinson ("Stinson") has filed a motion to modify certain dates in the scheduling order. [DE 68]. Specifically, Stinson requests the Court continue by 90 days all dates in the scheduling order, including the dates for the jury trial, pretrial conference, and the deadlines for completing discovery and filing dispositive motions. [DE 68]. Defendant Protective Insurance Company ("Protective") responded in opposition. [DE 70]. For the reasons stated below, the Court will grant Stinson's motion with respect to the jury trial, pretrial conference, and deadline for dispositive motions. The Court will leave in place, however, the remaining operative deadlines stated in the Court's Scheduling Order [DE 32].

### I.   PROCEDURAL BACKGROUND

Plaintiff filed this action in state court for breach of UIM contract (Count I) and Unfair Claims Settlement Practices (Count II). [DE 3-3]. The case was then removed to this Court on July 27, 2021. [DE 3]. The Court bifurcated the claims for underinsured motorist benefits from the claims asserted under the Unfair Claims Settlement Practices Act, stayed discovery on the extra-contractual claims, and entered a scheduling order. [DE 31; DE 32]. Under the scheduling order, the parties' deadline for fact and expert discovery was June 13, 2022, and the deadline for

dispositive motions was July 15, 2022. [DE 32]. At Stinson's request, the Court extended the discovery deadline to July 13, 2022, and the dispositive motion deadline to August 15, 2022. [DE 58]. The telephonic pretrial conference is scheduled for January 18, 2023, and the jury trial is scheduled for February 13, 2023. [DE 32].

## II.   ANALYSIS

Stinson requests the Court continue the jury trial in this matter for 90 days and modify all deadlines other deadlines accordingly. [DE 68]. As grounds for his request, Stinson states that he detrimentally relied on Protective's alleged representations to make a written settlement offer, which never came to fruition. [*Id.*]. Specifically, Stinson states that Protective assured him in June 2022 that it would make a written settlement offer but then retracted that promise in September 2022. [*Id.*]. As a result, he asserts that he delayed preparing for trial during this period. Stinson also asserts that the emergency medical needs of his counsel and the persistent illness of his counsel's family justify his requested extension. [*Id.*]. And finally, Stinson indicates that the scheduling restrictions of Dr. Vaughan, Stinson's treating physician, and Dr. Grossfeld, Protective's expert witness, as well as his counsel's scheduling restrictions, have prevented him from taking those experts depositions. [*Id.*]. He thus asserts there is good cause to extend the deadlines with respect to expert witnesses and the filing of trial deposition transcripts.

Protective strongly opposes a continuation of the jury trial or an extension of any other deadline, arguing that Stinson's failure to timely take Dr. Grossfeld and Dr. Vaughan's depositions do not amount to good cause to extend the deadlines and trial date to accommodate their depositions. [DE 70]. Protective does not address Stinson's arguments with respect to detrimental reliance or his counsel's apparent health issues. [*Id.*].

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether a

movant has demonstrated good cause, the Court considers: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect" the proceeding; "(3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The focus is primarily upon the diligence of the movant." *Harwood v. Avaya Corp.*, No. 2:05-cv-0828, 2007 WL 188565, *1 (S.D. Ohio Jan. 22, 2007). "Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock fin Corp.*, 208 F.3d 613, 625 (6th Cir. 2002).

     First, the Court does not find that Stinson has stated good cause for an extension of the expert discovery deadline based on his inability to depose Dr. Grossfeld or Dr. Vaughan. As recounted in Protective's response, the record indicates that Stinson had multiple opportunities to depose Dr. Grossfeld but instead objected due to her fee. Protective states that the parties noticed the deposition of Dr. Grossfeld on April 11, 2022, but Stinson canceled the deposition the following day after objecting to the expert's fee. On June 13, 2022, Stinson then filed a motion to extend the deadlines to re-notice Dr. Grossfeld's deposition. [DE 55]. The Court granted the extension, allowing expert discovery to be completed on July 13, 2022, and Stinson made a renewed request to take Dr. Grossfeld's deposition on June 30, 2022, but Dr. Grossfeld's earliest available date for a deposition was July 15, 2022. Despite occurring two days beyond the expert discovery deadline, Protective agreed to Dr. Grossfeld's deposition. However, Stinson canceled the deposition on July 7, 2022, again objecting to the expert's fee. The record thus indicates that Stinson was aware of the need to depose Dr. Grossfeld by April 2022 at the latest, and Protective was responsive to Stinson's requests—even untimely requests—to do so. Moreover, the Court has already granted Stinson's request for a one-month extension to complete expert discovery. Despite

3

Stinson's ability to depose Dr. Grossfeld at multiple points during and after the discovery period, he waffled on whether doing so would be prudent. Only now has Stinson definitively decided to depose Dr. Grossfeld. Even accounting for Stinson's detrimental reliance and any intervening medical issues of defense counsel or his family, the opportunity to depose Dr. Grossfeld was clearly available to defense counsel. The *Dowling* factors thus weigh in favor of denying Stinson's request to extend the discovery deadlines.

Likewise, the Court finds Stinson's apparent need to depose Dr. Vaughan insufficient to extend the expert discovery deadlines. Protective took Dr. Vaughan's deposition by video on May 23, 2022, during which time Stinson's counsel had the opportunity to as questions of Dr. Vaughan. [DE 70, Page ID# 215]. Moreover, given that Dr. Vaughan was Stinson's treating physician, Stinson presumably had ample notice of the need to depose Dr. Vaughan and time to do so. [*Id.*]. Finally, Protective has indicated that Stinson noticed Dr. Vaughan's deposition for December 16, 2022, and Protective was willing to be available for the deposition. [*Id.*].

However, the Court will continue the jury trial, pretrial conference, and the deadline to file dispositive motions based on defense counsel and his family's medical issues and Stinson's alleged detrimental reliance on Protective's promise to submit a written settlement offer, arguments Protective did not address in its response. [DE 70]. Stinson asserts that Protective's promises to submit a written settlement offer, spanning from June 2022 to September 2022, induced him to rely on the prospect of settlement negotiations and a pretrial resolution and in turn had the effect of stalling progress in this case.

The Court finds Stinson's bases to constitute good cause with respect to the trial date and pretrial conference, although it is a close call. The Court notes that the plaintiff has not previously granted a continuance of the jury trial or pretrial conference in this case. Moreover, although

4

Protective opposes the continuance, the Court finds that affording the parties more time to conduct settlement negotiations before trial will benefit both parties and possibly conserve judicial resources. This consideration is even more cogent considering Protective's recent attempt to schedule a settlement conference with the undersigned, [*see* DE 65], which the Court denied based on Stinson's representations that the parties were not yet in a position to engage in fruitful negotiation. [DE 69].

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff Robert Stinson's motion to continue the trial date and deadlines [DE 68] is **GRANTED IN PART** and **DENIED IN PART**.

2. All dispositive motions **SHALL** be filed no later than March 20, 2023.

3. The jury trial before the District Judge is **CONTINUED** to **August 21, 2023, at 9:00 a.m.** Counsel should be present by 8:30 a.m., and the anticipated length of the trial is four days.

4. The telephonic pretrial conference before the District Judge is **CONTINUED** to **August 8, 2023, at 11:00 a.m.** The parties are to access the call by dialing 888-684-8852 using the access code of 6823688. The parties are asked to call in a few minutes prior to the scheduled time.

5. All other remaining deadlines contained in the Scheduling Order [DE 32], and the Court's June 15, 2022, Order modifying the Scheduling Order [DE 58] shall remain in place.

Entered this the 22nd day of December, 2022.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY