UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| **ROBERT STINSON,** )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>**PROTECTIVE INSURANCE COMPANY,** )<br>)<br>  Defendant. )<br>) | **Civil Action No.<br>5:21-cv-00206-KKC-MAS** |

### MEMORANDUM OPINION & ORDER

Plaintiff Robert Stinson ("Stinson") has filed a Motion for Leave to Take Trial Depositions of two of expert witnesses: (1) Dr. Stacie Grossfield, a retained expert for Defendant Protective Insurance Company ("Protective") and (2) Dr. John Vaughan, Stinson's treating surgeon. [DE 76]. Stinson's requests mirror a prior request to the Court to extend the discovery deadlines in this case so that Stinson could depose these same two expert witnesses. [DE 68]. The Court denied the latter request [DE 72], and will deny this current request for many of the same reasons.

I. ANALYSIS

Courts have often struggled with the procedural differences between a "discovery deposition" and a "trial deposition". Although practitioners often utilize this distinction, the phrase "trial deposition" does not appear anywhere in the Federal Rules of Civil Procedure. Rule 30, which governs the taking of depositions by oral examination, and Rule 32, which governs the use of depositions at trial or other proceedings, both refer generally to "depositions" without the use of any descriptors. Nevertheless, the Court can certainly understand where a material witness is unexpectedly unavailable on the eve of trial, the parties may need to take a "trial deposition" outside the normal schedule for a "discovery deposition." However, that is not the case here.

1

As other courts have recognized, the notion of trial depositions is a slippery slope with countless questions left unanswered and possible abuse for post-discovery shenanigans.

> [P]arties could wait until after discovery closes to take depositions by merely designating the depositions "for trial use." [*Integra Lifesciences I, Ltd. v. Merck,* 190 F.R.D. 556, 559 (S.D. Cal. 1999)]. Consequently, permitting parties as a matter of course to take depositions after the close of discovery would undermine the Court's ability to manage its docket. Otherwise, for example, how many "trial depositions" would a party be permitted to take, notwithstanding Rule 30(a)(2)(A)(i) (leave of court required for more than ten depositions)? Does a party have the right to take a "trial deposition" that lasts longer than seven hours, notwithstanding Rule 30(d)(1) (depositions shall not exceed seven hours)? Can a party take a trial deposition remotely, notwithstanding the limitations for remote means found in Rule 30(b)(4)? If there truly exists a right to take a trial deposition *de bene esse*, why would any of the limitations or conditions found in Rule 30 ever presumptively apply?

*Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692-93 (S.D. Fla. 2014). Rather, courts have more often construed requests for trial depositions as a request to modify a court's scheduling order under Rule 16. *See*, *e.g.*, *Day v. Outback Steakhouse of Florida, LLC*, No. 5:20-cv-506-DCR, 2022 WL 1812250, at *2 (E.D. Ky. June 2, 2022) (denying a request for a "trial deposition" under Rule 16(b)(4)). Specifically, Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The Court considers multiple factors in determining whether further discovery is appropriate and whether to allow additional time for discovery. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). The factors include: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Id*. The Sixth Circuit has explained that the main inquiry is whether "the moving party was diligent in pursuing discovery." *Id*.; *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Here, Stinson can meet none of these factors. As detailed in the Court's prior Order [DE 72] denying an extension of the discovery deadline for these same depositions, Stinson had multiple opportunities to depose these two experts during discovery. Protective provided several dates for their depositions, and the Court repeatedly extended discovery to permit these depositions. For various reasons that rest with Stinson (not Protective or the experts), Stinson did not question those experts. Ultimately, Stinson long knew of the possible need to take the depositions of Dr. Grossfield and Dr. Vaughan; Stinson had a lengthy discovery period that was often extended for the very purpose of allowing him to conduct these depositions; Stinson was repeatedly dilatory in completing those efforts, even failing to question Dr. Vaughan when he was deposed by Protective [DE 70, Page ID# 215]; and Protective made every effort to accommodate Stinson's requests during discovery. Even more critically, there is no indication that either Dr. Grossfield or Dr. Vaughan are unavailable at trial as unavailability is defined in Rule 32(a)(4). In fact, Stinson indicates that he seeks the depositions in case Protective "decided not to call [Dr. Grossfield] as a witness" or "[i]n the event Dr. Vaughan is unavailable at trial". [DE 76, Page ID# 240]. Thus, per the record before the Court, the only reason Stinson seeks these trial depositions is because Stinson failed to take discovery depositions during the discovery period.

In the end, this Court is not suggesting trial depositions are prohibited. Rather, this Court is simply stating that there must be some evidence that the parties were diligently pursuing discovery and only learned, after the close of discovery, of a witness's unavailability. Otherwise, the Court has concerns that trial depositions may be used as gamesmanship to circumvent a court's scheduling deadlines. That seems to be the case here. After the Court denied Stinson's last request to extend discovery to depose these experts, Stinson now seeks a workaround via proposed trial depositions. The Court, based upon the current record before it, declines such a request.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that Stinson's Motion for Leave to Take Trial Depositions [DE 76] is **DENIED**.

Entered this the 3rd day of March, 2023.

*Matthew A. Stinnett*
MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY