UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)
CIVIL ACTION NO.: 5:21-cv-00206

*Filed Electronically*

| | |
|---|---|
| ROBERT STINSON | PLAINTIFF, |
| VS. | |
| PROTECTIVE INSURANCE COMPANY | DEFENDANTS |

\*\*\*\*\*\*\*\*\*\*
**PLAINTIFF'S FIRST MOTION IN LIMINE**
\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, Robert Stinson, by and through counsel, and in accordance with this Court's December 12, 2022 Order, and for his First Motion in Limine hereby states as follows:

## FACTUAL BACKGROUND

On July 9, 2019, Robert Stinson was injured when he was unloading packages from the back of his delivery truck and another driver suddenly and without warning backed into his vehicle. When the collision occurred, Mr. Stinson was unsecured in the back of his lawfully parked delivery truck, holding two packages for delivery in his arms. When his parked delivery truck was struck, it jolted the vehicle violently and Mr. Stinson was knocked to the floor, falling awkwardly down on his left knee and twisting to the left. From the motor vehicle collision, Mr. Stinson began to experience back pain, pain which worsened over time and eventually led to numbness and tingling down his legs. Plaintiff quickly resolved his bodily injury claim with the at-fault driver's liability insurance provider, reasonably attempted to resolve his underinsured motorist claim against Defendant Protective Insurance, and upon his learning Protective

1

Insurance, through its adjuster, intended to baselessly reject the conclusions of his treating physicians and vocational experts, filed his claim against Defendant Protective Insurance on July 2, 2021.

## LEGAL ARGUMENT

Plaintiff anticipates Defendant may attempt to introduce the following impermissible evidence:

### I. Dr. John Vaughan's discussion of VA Medical Records.

In his deposition, Dr. Vaughan was asked to interpret the Plaintiff's medical records from the Department of Veteran's Affairs Hospital (hereinafter referred to as "the VA"). However, Dr. Vaughan stated clearly and repeatedly that the VA medical records are difficult for him to interpret and admitted his lack of expertise regarding the VA records and record system by indicating questions concerning the VA records should be directed to a "VA medical records person." Specifically, Dr. Vaughan stated: "VA treatment records are the hardest medical records to read" [See Deposition of Dr. Vaughan, Exhibit A, Page 17, lines 1-2]; "I'm not sure on that, because I'm not sure if the VA – there's some weird medical records where they can clip a part out of the MRI report and keep on transposing it" [See Deposition of Dr. Vaughan, Exhibit B, Page 32, lines 16-19]; "Yeah. Yep. Let's see. I'm not sure what that means in the VA system" [See Deposition of Dr. Vaughan, Exhibit C, Page 77, lines 15-16]; "that would be a question to ask the VA – [Q. Sure.] – medical records person. I don't know when this note was recorded. That's -- like we said, VA records are very hard, unless you're in the system, to figure out." [See Deposition of Dr. Vaughan, Exhibit C, Page 78, lines 8-14]; and "again, I'm interpreting VA records, which are difficult to interpret" [See Deposition of Dr. Vaughan, Exhibit D, Page 80, lines 2-3]. Dr. Vaughan cannot provide reliable testimony regarding the

2

VA medical records when he admits to not fully understand them and when they are outside his scope of expertise.

In *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589-590 (1993), the United States Supreme Court held that while scientific testimony need not be "generally accepted" to be admissible under the Federal Rules of Evidence, Rule 702 does assign to the trial judge the task of ensuring that an expert's testimony both rests on reliable foundation and is relevant to the issues in the case. While the Court's analysis in *Daubert* was limited to scientific testimony of an expert, the United States Supreme Court has since expanded its application to all expert testimony, including that based on "technical" or other "specialized knowledge." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167 (1999).

The Sixth Circuit has also held that the "gatekeeper" function of federal judges is applicable to all expert testimony offered under Rule 702. *Berry v. Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994). The grant of testimonial latitude to all experts under the Rules of Evidence which is unavailable to lay witnesses is based on the assumption that an expert's opinion will have a reliable basis in the knowledge and experience in the expert's discipline. *Daubert, supra* at 592. *Daubert* suggests a three-step analysis to be used by the trial judge in assessing the admissibility of such testimony, including:

(1) a reliability review as to whether the opinion the expert will offer is properly the subject of scientific, technical or other specialized knowledge as required by Federal Rule of Evidences 104 and 702;

(2) a relevancy determination of whether the expert's opinion will assist the trier of fact to understand the evidence or to determine a fact in issue, also as required by Federal Rules of Evidence 104 and 702; and

(3) a review of the interplay with other federal evidentiary rules such as whether the potential for unfair prejudice outweighs the probative value under Federal Rule of Evidence 403.

3

Without the requisite knowledge and experience, the witness's opinion will not be reliable and therefore, will not be admissible. *Berry, supra*.

First, a reliability review. Dr. Vaughan is an M.D. physician, board-certified in orthopedic medicine and licensed to practice medicine in the Commonwealth of Kentucky. He is not and has not been employed or trained by the Department of Veteran's Affairs in any capacity. According to Dr. Vaughan's testimony, the VA medical records are written in a different system, and are difficult to read when you are not part of that system [See Deposition of Dr. Vaughan, Exhibit C, Page 78, lines 8-14]. While Dr. Vaughan is qualified to provide his professional medical opinion on a variety of topics, by his own repeated admission he is not qualified to opine on VA medical records.

Second, a determination of whether the expert's opinion will assist the trier of fact to understand the evidence. Fed. R. Ev. 403 provides that even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or by considerations of . . . waste of time." Testimony that does not help a jury understand the evidence or determine a fact in issue "is properly excluded under Rule 702 and also Rule 403 as a waste of court time." *Kolesar v. United Agri Prods., Inc*., 412 F. Supp. 2d 686, 698 (W.D. Mich. 2006). If Dr. Vaughan has testified that he finds the VA medical records not just difficult to understand, but "the hardest medical records to read" [See Deposition of Dr. Vaughan, Exhibit A, Page 17, lines 1-2] and states "I'm not sure what that means in the VA system" [See Deposition of Dr. Vaughan, Exhibit C, Page 77, lines 15-16], then he cannot help the jury understand this potential evidence. If Dr. Vaughan, doesn't understand the VA records as he repeatedly stated in his deposition, then his testimony regarding the VA records cannot help the jury understand this potential evidence. Dr. Vaughan is not an expert regarding the VA records and allowing his lay opinion regarding the

4

VA records would confuse the jury, waste the Court's time, and the probative value of doing so would be substantially outweighed by the danger of unfair prejudice.

The final step in the *Daubert* analysis is to determine whether the potential for unfair prejudice outweighs the probative value under Federal Rule of Evidence 403. As stated, considering Dr. Vaughan was very clear that questions regarding the VA records should be directed to a "VA records person," and he finds the VA medical records difficult to read and interpret, there is high probability for unfair prejudice and mistake in his interpretation of these medical records because the interpretation itself is a lay interpretation. Should Defendant wish to introduce the VA medical records into evidence, the proper procedure would be to call either the VA doctors themselves so they might interpret and explain their own medical records to the jury, or to call an expert properly qualified to understand the VA's medical records system. Defendant Protective Insurance hasn't made any effort to do this; to get the truth from those who are qualified to provide it. This has been part of Protective Insurance's defense strategy throughout their handling of this claim; to magnify half-truths provided by second-hand sources to validate their self-serving mistreatment of Mr. Stinson.

Rather than obtaining the testimony of someone who understands and is qualified to interpret the VA medical records, Protective Insurance intends to use Dr. Vaughan's lay opinion to reach the conclusion at which they've aimed; an attempt to show Mr. Stinson had an active pre-existing injury rather than a dormant condition. While Dr. Vaughan is certainly qualified to provide an opinion of active pre-existing versus dormant, he also indicated what type of information needed in such an assessment such as 1) amount of treatment, 2) magnitude of treatment, 3) temporal relationship of previous treatment to the accident in question, 4) how long encounters encompassed, and 5) how closely encounters are related timewise to the

5

incident at hand. [See Deposition of Dr. Vaughan, Exhibit D, Page 80, line 13 through Page 81, line 4]. Dr. Vaughan admitted to not understanding the VA records or how to make heads or tails out of them. In fact, when asked to interpret the VA records, he could not even state what a given date on the record meant.

Finally, having Dr. Vaughan read through and opine on twenty-five (25) years' worth of medical records which he admits to not understanding and not being able to accurately interpret, including medical records that – as established by the record themselves – are not for injuries related to the subject incident [See Deposition of Dr. Vaughan, Exhibit E, Page 73, lines 21-25], would not promote judicial efficiency.  Dr. Vaughan's deposition took just over two (2) hours, with a few brief breaks. A significant portion of his deposition was spent reviewing and asking questions regarding the subject VA medical records. Dr. Vaughan's testimony related to his treatment of Mr. Stinson, his professional recommendations as Mr. Stinson's treating surgeon, Mr. Stinson's medical expenses from Dr. Vaughan's office, Mr. Stinson's condition prior to this incident as reported to Dr. Vaughan and reflected in his medical records, Mr. Stinson's pain and suffering, Mr. Stinson's future treatment, and the preexisting conditions of Mr. Stinson and whether they were dormant/inactive at the time of his injury are all subjects on which Dr. Vaughan can and should provide relevant testimony to the trier of fact. Diverting into a discussion and interpretation of medical records Dr. Vaughan does not understand would not promote judicial efficacy and allowing such lay testimony from a medical expert would allow the danger of unfair prejudice to substantially outweigh the probative value of the testimonial evidence at issue.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order directing the Defendant, Defendant's witnesses, and/or Defendant's counsel to refrain from offering in

evidence or otherwise mentioning or making any reference in opening statement, examination or testimony, closing argument, or at any other time in the presence of the jury Dr. Vaughan's testimony regarding the Plaintiff's VA medical records.

                              Respectfully Submitted,

                              _/s/*Robert A. Morrin*_____
                              Hon. Harvey Bradford Harris (KBA #87275)
                              Hon. Robert A. Morrin (KBA # 94368)
                              214 West Main Street
                              Richmond, KY 40475
                              P: (859) 358-0300
                              *Counsel for Plaintiff*

* * * * * * * * *

## CERTIFICATE OF SERVICE

This is to certify that a true and complete copy of the foregoing was served, via electronic mail, this the 20th day of March, 20232, upon the following:

Hon. Christina Norris
Hon. Chuck Cassis
GOLDBERG SIMPSON, LLC
cnorris@goldbergsimpson.com
chuck@goldbergsimpson.com
*Counsel for Defendant, Protective Insurance Company*

                              _/s/*Robert A. Morrin*_____
                              Hon. Harvey Bradford Harris (KBA #87275)
                              Hon. Robert A. Morrin (KBA #94368)
                              *Counsel for Plaintiff*