UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ROBERT STINSON, | CIVIL ACTION NO. 5:21-206-KKC |
| **Plaintiff,** | |
| **v.** | **OPINION & ORDER** |
| PROTECTIVE INSURANCE COMPANY, | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Robert Stinson's motion for partial summary judgment. (DE 80). For the following reasons, the Court will DENY the motion.

**I.**

This action for underinsured motorist benefits and extra-contractual claims arises out of a collision between a driver and a delivery truck. The basic facts are fairly straightforward. Stinson, a delivery driver, claims that he was injured when Robert Hopkins backed into his delivery truck. Stinson was parked in Hopkins' driveway and was retrieving a package in the back of the truck when Hopkins backed out of his own garage and struck Stinson's truck. Stinson fell inside the truck and sustained injuries. Defendant Protective Insurance Company contracted with Stinson's employer to provide UIM coverage. Stinson claims Protective has failed to fully compensate him for his injuries.

Stinson originally filed this action in Madison Circuit Court and Protective removed on July 21, 2021. (DE 3). The parties participated in an unsuccessful settlement conference before the

Magistrate Judge on February 25, 2022. (DE 25). On March 30, 2022, the Court bifurcated the UIM claim and the extra-contractual claims and stayed the latter pending resolution of the former. (DE 31). Stinson now seeks partial summary judgment on the issue of liability of the underlying incident.

## II.

As an initial clarification, the Court notes that Stinson incorrectly cites Kentucky summary judgment law as the controlling standard. Though federal courts sitting in diversity apply the substantive law of the state (here, Kentucky law), the proper summary judgment standard here is Federal Rule of Civil Procedure 56.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court must "determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Parrett v. Am. Ship Bldg. Co.*, 990 F.2d 854, 858 (6th Cir. 1993). Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

To recover under Kentucky law, plaintiffs in unpaid benefits actions against insurers must establish liability. Specifically, a plaintiff need not obtain a judgment from the tortfeasor but must

"prove the fault of the underinsured motorist and the extent of damages caused." *Nationwide Mut. Ins. Co. v. Hatfield*, 122 S.W.3d 36, 40-41 (Ky. 2003). To determine whether a party is at fault for the purpose of allocating damages, Kentucky uses a pure comparative fault scheme. In short, for Stinson to request summary judgment on the issue of liability is to assert that no genuine issue of fact exists regarding his own negligence—or lack thereof—when operating his vehicle. *Walker v. Bagshaw Trucking, Inc.*, No. CV 14-14-GFVT, 2016 WL 1394529, at *2 (E.D. Ky. Apr. 6, 2016). In cases involving a negligence standard, "summary judgment is rarely appropriate . . . because the facts and circumstances of each case determine the degree of care by which the defendants' conduct is to be measured." *Id.* (citing *Ashby v. Hustler Magazine, Inc.*, 802 F.2d 856, 858 (6th Cir. 1986)).

### III.

Stinson advances a handful of arguments. First, he says that the evidence has conclusively established Hopkins' sole liability for the underlying accident. But the record does not support this assertion.

Stinson points to Hopkins' deposition, in which he stated "I have to say yes" in response to the question "do you agree with the plaintiff that you were negligent and not him?" But Stinson fails to provide the context for this quotation. In the exchange directly following this statement, Hopkins stated that "all those extenuating circumstances make him as guilty as I, in my mind." (DE 82-2 at 23). Cherry-picked testimony aside, Stinson does not provide any support for the notion that Hopkins' feelings on liability are dispositive of the issue. In fact, Stinson himself states that "Mr. Hopkins' personal opinions regarding liability do not determine legal liability." (DE 86 at 4). Thus, Stinson's only factual assertion based on the record before the Court does nothing to

resolve the issue of liability. It certainly does not state enough to take the issue out of a jury's hands.

Protective sufficiently asserts facts that create an issue for the factfinder. The evidence indicates Stinson backed his delivery truck well up Hopkins' driveway and stopped quite close to Hopkins' automobile—as close as six feet. (*See* DE 82-2 at 30; DE 82-1, Exhibit Photo at 3). Hopkins also testified that Stinson's delivery truck did not have any functioning warning lights or beepers. (*Id.* at 12).

Protective also points to evidence that Stinson violated company policy that directs drivers to park in the street and discourages delivery drivers from backing into or blocking driveways. (See DE 82-1 at ¶¶ 8-13). Though a violation of internal company policy is not evidence of negligence *per se* (*Flechsig v. United States*, 991 F.2d 300, 304 (6th Cir. 1993)), this evidence is routinely presented as a factor for the jury to consider when deciding liability. *See Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003). Taken together, the Court cannot say that there is no genuine fact issue regarding Stinson's own negligence—or lack thereof—when operating his vehicle. *See Walker*, 2016 WL 1394529, at *2.

Stinson also cites two Kentucky statutes and suggests that they resolve the issue of liability as a matter of law. First, Stinson cites KRS 189.440, which states that "no person shall start a vehicle that is stopped or parked unless and until the movement can be made with reasonable safety." As an initial matter, this statute does not create strict liability and whether a hypothetical movement was made with reasonable safety would obviously be a question of fact for the jury. But even if Stinson is making some sort of negligence *per se* argument here, "negligence per se is not typically used as a bar to relief, but rather a tool for simplifying a plaintiff's burden of proof in a negligence claim." *Brantley v. Asher*, No. CIV.A. 08-64-KSF, 2009 WL 126865, at *2 (E.D. Ky.

Jan. 16, 2009) (applying Kentucky law). Simply put, even if a defendant's fault is premised on the violation of statute, the plaintiff's comparative fault is an issue for the jury to decide. *See Hargis v. Baize*, 168 S.W.3d 36, 46 (Ky. 2005) (citing KRS 411.182; *Durham v. Maratta*, 195 S.W.2d 277, 279 (1946)).

Second, Stinson cites KRS 189.450, which states that "no person shall stop a vehicle, leave it standing; [this] shall not be construed to prevent parking in front of a private residence off the roadway or street in a city or suburban area where such parking is otherwise permitted, as long as the vehicle so parked does not impede the flow of traffic." It is unclear how this statue provides any support for his motion. The fact that Stinson may have been able to legally park in Hopkins' driveway does not resolve the issue of liability for the accident. All operators of motor vehicles have a general duty of care not to be negligent in the operation of said vehicles. *Pile v. City of Brandenburg*, 215 S.W.3d 36, 42 (Ky. 2006). Arguing that Stinson was not in violation of KRS 189.450 does nothing to preclude the possibility that he was negligent in other ways, including the way he approached and subsequently parked his vehicle. In other words, statutory compliance does not unequivocally translate to lack of fault. As explained above, there are plenty of factual issues to present to a jury regarding the comparative fault of the parties involved. This is enough to preclude summary judgment on the issue of liability.

Finally, Stinson argues that Protective failed to timely file its response to his motion for summary judgment. Stinson is correct that Protective filed its response a day late—22 days after Stinson filed his motion. Protective states that its failure to timely file was a simple mistake, as they calendared the deadline as April 11 as opposed to the correct date of April 10. Accordingly, Protective filed a separate motion for an extension of time. (DE 88).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FRCP 6(b)(1). Excusable neglect is an "elastic" concept and is "at bottom line an equitable one." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993). A district court balances five factors in determining whether a delay qualifies as excusable: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Here, the length of the delay was minimal—just one day. Further, the danger of prejudice to the opposing party was also minimal. Stinson was able to timely file his reply. While the delay was within Protective's ultimate control, the effect on the proceedings was virtually nonexistent. The Court will not decide the issue of partial summary judgment based on a one-day delay.

## IV.

Accordingly, the Court hereby ORDERS as follows:

(1) Protective Insurance Company's motion for extension of time (DE 88) is GRANTED;

(2) Robert Stinson's motion for partial summary judgment on the issue of liability (DE 80) is DENIED.

This 15th day of May, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY